IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:14-CV-131-FL

| | ) | |
|---|---|---|
| PATRICK MICHAEL DAYSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | ORDER |
| HERMAN MELVIN LANIER; LISA | ) | |
| MARIE LANIER; MARK TIMOTHY | ) | |
| SAIN; CITY OF RED LODGE, | ) | |
| MONTANA; and DANIELLE BARNES, | ) | |
| *Police Officer*, | ) | |
| | ) | |
| Defendants. | ) | |

As noted in order entered July 29, 2014, *pro se* plaintiff, Patrick Michale Dayson, has alleged violations of Title 42 U.S.C. § 1983 by the defendants Lisa Marie Lanier (his ex-wife), Herman Lanier (her father), Mark Sain, City of Red Lodge, Montana and Police Officer Danielle Barnes, and claims his Second, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights have been violated. The case seems to hinge on an extramarital relationship plaintiff's ex-wife, Lisa Marie Lanier, allegedly had and the arrests of plaintiff by state authorities. He alleges a "vindictive, malicious, preplanned and executed hub-and-spoke conspiracy" related to eight different efforts described by plaintiff to have him charged with serious state crimes. The case returns to the court's attention on renewed motion for temporary restraining order (DE 7).

**BACKGROUND**

Plaintiff is very upset about his treatment in state court. The background of the case as summarized in the prior order is incorporated herein by reference, and supplemented with

information derived from plaintiff's most recent filings.

The court in ruling on the earlier filed motion for temporary restraining order (DE 4), had cause to note this action appears to suffer from jurisdictional defects which, without more, mitigate against entry of the extraordinary remedy of a temporary restraining order, for reasons therein set forth. The court denied the motion for temporary restraining order and, instead, converted plaintiff's motion to one for a preliminary injunction, and directed service be undertaken.

Plaintiff repeats here he will not attempt service of the defendants until the court rules on the instant motion seeking injunctive relief and grants same, where he fears he will be charged with a violation of a permanent order of protection ("protection order") if he contact defendants, especially his ex-wife. He alleges the protection order entered in Carbon County, Montana, restrains him from contacting Lisa Marie Lanier in any way, including via a third party. Whether service of a summons and complaint does or does not violate the protection order is not a matter before this court.

Plaintiff seeks this court to rest away from the state court that proceeding resulting in entry of the protective order. He requests this court under Montana law to assume jurisdiction over that dispute in Montana. Plaintiff has carefully crafted a series of extensive affidavits in support of particular claims (DE 8-20), and offers these in supplement to his renewed motion for a temporary restraining order.

## DISCUSSION

The substantive standard for granting a temporary restraining order is the same as that for entering a preliminary injunction. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n. 1 (4th Cir.2006). A court may grant a temporary restraining order if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm

2

in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

This is not the first time a complainant has sought to introduce into a lower federal court issues concerning a domestic dispute. See, e.g., Monk v. North Carolina, No. 5:12-CV-770, 2012 WL 7991330 (EDNC Dec. 31, 2012); York v. Virginia, No. 7:12-CV-19, 2012 WL 178357 (WDVa., Jan. 23, 2012); Serdah v. Edwards, No. 7:11-CV-23), 2011 WL 178357 (W.D.Va., Aug. 30, 2011). Regularly these sorts of actions fail for reasons as noted in York and the other cases:

> The court also notes that though Ms. York styles her petition as a petition for writ of habeas corpus "commanding the respondent to promptly return [her] minor child," if the court were to construe the petition as a complaint for relief pursuant to 42 U.S.C. § 1983, this court still could not grant the relief she requests. First, under the Rooker–Feldman doctrine, federal district courts do not have subject matter jurisdiction to hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Even "[i]f the state-court decision was wrong, 'that [does] not make the judgment void, but merely open to reversal or modification in an appropriate and timely appellate proceeding.' " Id. (quoting Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923)). Second, (although not a jurisdictional ground) the "Younger doctrine which counsels federal court abstention where there is a pending state proceeding, reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff," Moore v. Sims, 442 U.S. 415, 423 (1979) (citing Younger v. Harris, 401 U.S. 37 (1971)), unless the state forum is inadequate to adjudicate the federal plaintiff's federal claims. See, e.g., Judice v. Vail, 430 U.S. 327, 337 (1977) ("Here it is abundantly clear that appellees had an opportunity to present their federal claims in the state proceedings. No more is required to invoke Younger abstention."). The Commonwealth of Virginia's interest in adjudicating the fact-laden, day-to-day controversies that arise in domestic relations cases is unusually strong, and the federal interest quite circumscribed and cabined. Comity requires " 'a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.' " Middlesex Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431

(1982) (quoting Younger, 401 U.S. at 44). Nothing remotely suggests that the courts of the Commonwealth Virginia cannot adequately protect Ms. York's constitutional rights in the proceedings pending there.

York, 2012 WL 178357, fn. 1. As the court in Serdah noted, also with reliance on the Rooker-Feldman doctrine and the Supreme Court's decision in Exxon, "[f]ederal court is not an alternative forum to raise claims a party has either failed to present or lost in a state court prodding, – and it most certainly is no place to force a former spouse to settle an unfinished domestic dispute." 1011 WL 3849703, p. 4.

In Monk, where claims in part arose out of a North Carolina child custody and support case, Monk and others complained that the state court order and the manner in which obtained, violated rights similar to those protested by this plaintiff as being denied. The court found the claims required to be dismissed under the Rooker-Feldman doctrine:

> This doctrine bars federal courts from sitting "in direct review of state court decisions." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482–84 (1983). "[T]he Rooker–Feldman doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." Davani v. Virginia Dep't of Transp., 434 F.3d 712, 713 (4th Cir .2006) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005)). This doctrine also prohibits a district court from reviewing constitutional claims that are "inextricably intertwined" with a state court decision. Shooting Point, LLC v. Cumming, 368 F.3d 379, 383 (4th Cir.2004). A constitutional claim is "inextricably intertwined" with a state court decision if " 'success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.' " Id. (quoting Plyler v. Moore, 129 F.3d 728, 731 (4th Cir.1997)); see also Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir.1997) (holding that a federal claim is " 'inextricably intertwined" where "in order to grant the federal relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual' " (quoting Ernst v. Child and Youth Servs., 108 F.3d 486, 491 (3d Cir.1997))). In other words, Rooker–Feldman applies "when the federal action 'essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court.' " Davis v. Durham Mental

4

Health Devel. Disabilities Substance Abuse Area Auth., 320 F.Supp.2d 378, 388 (M.D.N.C.2004) (quoting Plyer, 129 F.3d at 733).

2012 WL 7991330, p. 3. Plaintiff complains of a number of different, adverse outcomes, related to his domestic situation, also where he faced a variety of state charges which swirled around his marital issues. The same analysis applies. This court must conclude that plaintiff's requests for relief would necessarily require finding that the protective order was improperly decided by the state court, as well as the other court matters concerning this defendant. The Rooker–Feldman doctrine encompasses "not only review of adjudications of the state's highest court, but also the decisions of its lower courts." Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 199 (4th Cir.2000) (quotation omitted). Rooker–Feldman "reinforces the important principle that review of state-court decisions must be made to the state appellate courts, and eventually to the Supreme Court, not by federal district courts or courts of appeal." Id. (quotation omitted). "The doctrine [also] preserves federalism by ensuring respect for the finality of state court judgments." Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005).

The Rooker-Feldman doctrine likely applies, and precludes subject matter jurisdiction, notwithstanding provision in the Montana statute referenced by plaintiff. That statute cannot, as plaintiff would urge, serve under law as a conduit for transfer of the underlying state case to this federal court.

Alternatively, abstention may be appropriate, under Younger and its progeny. Younger v. Harris, 401 U.S. 37 (1971)). The principle of "comity" underlying Younger includes "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare

5

best if the States and their institutions are left free to perform their separate functions in their separate ways." Id. at 44. The originating state court retains jurisdiction over the enforcement of the protective order. Plaintiff continues to have a venue to assert any constitutional claim he wishes to raise and, therefore, although not a jurisdictional ground, abstention likely is appropriate.

The court must conclude that what plaintiff here seeks to do at bottom is challenge the lawfulness of a myriad of state court orders, and raise issues which could have been litigated in state court. His recourse is to a reviewing state court and not to this one. A temporary restraining order "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. 7, 22. Plaintiff has not established among other things that he is likely to succeed on the merits, or that an injunction is in the public interest. Thus, plaintiff has not met his burden of proof. Accordingly, the court denies plaintiffs' renewed motion for a temporary restraining order.

Plaintiff complains of great distress caused him by defendants' actions, and no doubt he is pained. But under law, allegations of vindictiveness, maliciousness, even persecution, do not compel jurisdiction. See McAllister v. North Carolina, No. 5:10–CV–79–D, 2011 WL 883166, at p. 4 (E.D.N.C. 11 Mar. 2011) (holding that the Rooker–Feldman doctrine precluded the court's subject matter jurisdiction over plaintiff's claims challenging state court decisions concerning his child support obligations, including his claim that he was "persecuted" during the state proceedings).

**CONCLUSION**

For the reasons set forth above, plaintiff's renewed motion for temporary restraining order (DE 7) is DENIED.

SO ORDERED, this the 21st day of August, 2014.

                                                    LOUISE W. FLANAGAN
                                                    United States District Judge